### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TERRELL LAMAR MILAN, #38633-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-1850-D-BK |
| | § | (Criminal No. 3:09-CR-095-D-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Petitioner pled guilty to possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), and was sentenced to 96 months' imprisonment. Crim. Doc. 41. The Court of Appeals affirmed his conviction on October 27, 2011, and the Supreme Court denied certiorari review on May 14, 2012. Crim. Doc. 63; Crim. Doc. 65. On July 22, 2013, Petitioner filed a *pro se* motion to vacate sentence, but voluntarily dismissed it after the undersigned magistrate judge recommended that it be dismissed as untimely. *See* No. 3:13-CV-2845-D-BK, Civ. Doc. 8; Civ. Doc. 10. On June 20, 2016, Petitioner filed this *pro se* motion to vacate sentence, seeking relief under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. §

924(e), violates the Constitution's guarantee of due process.[1]  Doc. 6 at 8.

Petitioner subsequently amended his section 2255 motion to assert a claim under *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), and *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016).  Doc. 9 at 1, 6-11.   Specifically, he argues that his prior Texas conviction for delivery of a controlled substance (predicate offense for his possession a firearm after a felony conviction offense) does not qualify as a serious drug offense under U.S.S.G. § 2K2.1(a)(4)(A).  Doc. 9 at 6-11.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond.  *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[2]

### A.  Limitations

Petitioner relies on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly untimely.  Doc. 6 at 8.  More than four years elapsed between May 14, 2012, when Petitioner's

---

[1] The Court deems the section 2255 motion filed on the date Petitioner placed it in the prison mailing system.  Doc. 6 at 10.  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

[2] Petitioner will have adequate notice and an opportunity to respond to the statute of limitations ruling during the 14-day period for filing objections to the findings, conclusions and recommendation.  *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (Magistrate Judge's findings and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

conviction first became final, and his initiation of this habeas action. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (conviction final on the date on which the United States Supreme Court denied petition for writ of certiorari); *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000) (same).

Petitioner's reliance on section 2255(f)(3) and *Johnson* to overcome the limitations bar, however, is misplaced. Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case. Indeed the Court did not increase Petitioner's sentence under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather the Presentence Report (PSR) (which was adopted at sentencing) calculated Petitioner's base offense level for felon in possession of a firearm (18 U.S.C. § 922(g)(1)) based on his prior conviction of a controlled substance offense and not of a crime a violence. *See* Crim. Doc. 57 at 7, PSR ¶ 19; Crim. Doc. 57 at 34, Statement of Reasons (SOR); *see also* U.S.S.G. § 2K2.1(a)(4)(A) (providing for a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense"). Since only Petitioner's prior state conviction for unlawful delivery of a controlled substance was used to calculate his base offense level, the Guidelines definition of "crime of

violence"[3] was and is of no consequence.

Moreover, even assuming the Supreme Court finds *Johnson* retroactively applicable to the career offender provision of the Sentencing Guidelines, *see Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016), Petitioner still would not be entitled to any relief. Again, the Court did not sentence Petitioner as a career offender and, thus, the career offender definition of crime of violence was not relevant to the calculation of his guideline sentencing range. Moreover, Petitioner does not premise his claims on a penal statute or Sentencing Guidelines provision that contains or incorporates any clause resembling the ones found unconstitutional in *Johnson*. As such, the holding in *Johnson* is inapplicable here.

Likewise Petitioner cannot rely on *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), and *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), to overcome the limitations bar in section 2255(f)(3). *Mathis* held that, for the purpose of determining whether an offense qualifies as an ACCA predicate, the court takes a modified categorical approach, looking to the statutory elements of the offense rather the means of commission. 136 S. Ct. at 2257. However, *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review). Indeed, the Supreme Court explicitly stated in *Mathis* that it was <u>not</u> announcing a new rule and that its decision was dictated by decades of prior precedent. 136 S. Ct. at 2257; *see also Teague v. Lane*,

---

[3] As is relevant to Petitioner's claim, "crime of violence" is defined in U.S.S.G. § 4B1.2(a) (the career offender provision of the Sentencing Guidelines) and incorporated by reference in U.S.S.G. § 2K2.1 cmt. n.1.

489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").   Moreover, in *Hinkle*, the appellate court applied *Mathis* on direct appeal.  832 F.3d at 574-577 (vacating sentence on direct appeal because defendant's prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provision).  Thus, it likewise offers Petitioner no support.

Petitioner argues that numerous district courts nationwide have applied *Mathis* to cases on collateral review and vacated sentences based on *Johnson* and *Mathis*.  *See* Doc. 9 at 3-4. However, the cases he cites involve only the application of the modified categorical approach addressed in *Mathis*, in the context of a *Johnson* claim, to invalidate sentences under the ACCA, the career offender provision, and the armed felon guideline provision of U.S.S.G. § 2K2.1 (which incorporates the career offender definition for crime of violence).  Again, *Johnson* does not apply to Petitioner's case; and because it is well settled that *Mathis* does not apply retroactively on collateral review, Petitioner cannot raise a stand-alone claim under *Mathis*.

Thus, section 2255(f)(3), which applies only if the right is one "newly recognized by the Supreme Court," has no application in this case.[4]  Consequently, Petitioner's section 2255 motion is clearly outside the one-year statute of limitations, absent equitable tolling.

## A.  Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling is warranted.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some

---

[4] Sections 2255(f)(2) and (4) are likewise inapplicable.  Petitioner has not premised his claims on a government-created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty,* 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

## III. RECOMMENDATION

For the foregoing reasons, the motion to vacate sentence under 28 U.S.C. § 2255 should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** January 18, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE